IN THE UNITED STATES DISTRICT COURT FOR EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TROY LEWALD, | CIVIL DIVISION |
| Plaintiff, | 22-CV-4625 |
| vs. | |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, *et al.,* | |
| Defendants. | |

**BRIEF IN SUPPORT OF MOTION TO DISMISS**

## I.     Relevant Procedural History

Plaintiff filed his Complaint in this matter on November 16, 2022. (Doc. 1). On February 13, 2023, Plaintiff filed a Motion for Appointment of Counsel, which was granted in part on February 23, 2023. (Docs. 12 & 13). Specifically, this Honorable Court placed the case in suspense for 90 days, during which time the case was placed on the Court's extranet website for review by attorneys who are members of the Court's Prisoner Panel for Pro Se Plaintiffs. (Doc. 13). During the period the case was in suspense, the U.S. Marshal Service continued to effect service on co-defendants, but was unable to serve Defendant Cione, among others, as shown by the Return of Service filed on April 7, 2023. (Doc. 17). As of July 3, 2023, no pro bono attorney had volunteered to represent Plaintiff, and he filed a Notice to remain on the Prisoner Civil Rights Panel. (Doc. 43). On July 11, 2023, Defendant Cione filed her executed Waiver of Service, sent on June 5, 2023. (Doc. 45). For the reasons that follow, Defendant Cione now files her Motion to Dismiss Plaintiff's Complaint and this accompanying Brief in Support, respectfully requesting that Plaintiff's claims against her be dismissed with prejudice.

## II.     Factual Averments

Plaintiff, Troy Lewald, is a *pro se* litigant currently incarcerated at the State Correctional Institution ("SCI") Phoenix. (Doc. 1, ¶9). Plaintiff identifies Defendant Courtney Cione as a licensed psychiatrist at SCI Phoenix, who is responsible for the diagnosis and treatment of inmates with mental illnesses. (Doc. 1, ¶35). Plaintiff claims to have exhausted

administrative remedies prior to the filing of his Complaint. (Doc. 1, ¶56-A). Plaintiff indicates that on his intake to the Pennsylvania Department of Corrections ("DOC") at SCI Phoenix in 2019, he was provided with a medical screening during which he described a medical history including a back injury, which prompted the medical professional screening him to prescribe him Motrin and assign bottom bunk status. (Doc. 1, ¶¶57-58). Other providers later restricted Plaintiff from lifting heavy objects and documented Plaintiff's history of a herniated disc. (Doc. 1, ¶¶57-58). Plaintiff claims to have been transferred to SCI Camp Hill, then SCI Albion, during 2019. (Doc. 1, ¶¶59, 65).

Plaintiff alleges that on May 24, 2019, a PA examined him and added certain restrictions to his medical records, including no lifting more than 10 pounds, no sitting or standing more than four hours, no impact jobs or sports, no jumping or climbing, no excessive bending, bottom bunk, light duty work assignment, no food service or janitorial jobs, and specifically reiterating that Plaintiff is "NOT MEDICALLY CLEARED FOR FOOD SERVICES." (Doc. 1, ¶69). Plaintiff further claims he gained employment as a block tutor on November 3, 2020, with a Class III, Step A pay rate of $0.33/hour. (Doc. 1, ¶72). Plaintiff claims to have been given a raise to Step B, at $0.35/hourly on January 10, 2021. (Doc. 1, ¶73). Plaintiff asserts that he received another raise to Step C on August 3, 2021, to $0.38/hour. (Doc. 1, ¶75). Plaintiff claims that on September 6, 2021, he was assured that if he were to apply for an Incentive-Based Transfer ("IBT"), he would be paid the same amount at his new prison. (Doc. 1, ¶77). He indicates that he was approved for an IBT on October 4, 2021, and was advised that he should be prepared to move within the following year. (Doc. 1, ¶79).

Plaintiff claims that "[o]n or about October 6, 2021," some action was taken within the "electronic processing system to prepare Plaintiff for transfer," which deleted all his work restrictions. (Doc. 1, ¶80). He further indicates that he was transferred to SCI Phoenix on December 28, 2021. (Doc. 1, ¶85). Plaintiff claims that as a result of the deletion of his work restrictions, he was placed in a food service role on his arrival at SCI Phoenix. (Doc. 1, ¶93). Due to his new role, Plaintiff alleges that on February 18, 2022, he suffered a work-

related injury consisting of a pop in his back radiating through his shoulders and arms and shooting down his sciatic nerve. (Doc. 1, ¶133).

Plaintiff outlines his disputes with other prison officials related to his injuries, work restrictions, and resulting loss in pay in detail over the following 110 paragraphs of his Complaint without mention of Defendant Cione. (Doc. 1, ¶¶134-244). He then alleges that on September 20, 2022 he wrote an Inmate Request form to Defendant Cione requesting treatment for his anxiety. (Doc. 1, ¶245). There are no additional allegations of fact which regard Defendant Cione, the treatment she provided or failed to provide, or mention her in any way. (Doc. 1).

Plaintiff claims that Defendant Cione violated his Eighth Amendment rights by exhibiting deliberate indifference to his serious medical needs, specifically the "delay of four months and denial of transfer reception screening to the psychology program for treatment." (Doc. 1, p.58, ¶2). He re-alleges the same claim against Defendant Cione for "interference with treatment, knowledge of mis-treatment or non-treatment, (Doc. 1, p. 58, ¶3); for providing inadequate treatment, (Doc. 1, p. 58, ¶4); for failing to protect him "from excessive risk to his safety," "investigate information suggesting risk of injury," and attempting to verify his medical work restrictions, (Doc. 1, p. 59, ¶5); for failing to prevent an excessive risk to his safety, (Doc. 1, p. 59, ¶6); for her "flagrant disregard" for DOC policies and his constitutional rights, (Doc. 1, p. 59, ¶7); for her alleged policy of restricting and/or denying follow-up care, (Doc. 1, pp. 59-60, ¶8); for her support of a "medically inappropriate work program," (Doc. 1, p. 60, ¶11); for failure to inquire as to facts necessary to form a professional judgment, (Doc. 1, p. 60, ¶15); and for delaying resolution of his issue (Doc. 1, p. 60, ¶16).

Plaintiff further claims that Defendant Cione violated his due process rights under the Fourteenth Amendment for "arbitrarily" denying him the right to a hearing or appeal before "revoking his statutory right to disability accommodations." (Doc. 1, p. 62, ¶3). He re-alleges this claim due to Defendant Cione's alleged intentional imposition of "oppressive

conditions" on him. (Doc. 1, p. 63, ¶5). Plaintiff asserts a First Amendment retaliation claim, (Doc. 1, p. 64, ¶3), a claim under the Americans with Disabilities Act ("ADA"), Rehabilitation Act ("RA"), the Pennsylvania Human Relations Act ("PHRA"), and the Protection and Advocacy of Mentally Ill Individuals Act ("PAMIIA") (Doc. 1, pp. 64-66, ¶¶1, 3-5, 7-9), a claim for negligence/neglect of care of a dependent person, and intentional infliction of emotional distress ("IIED"), (Doc. 1, pp. 67-68, ¶¶1-5). Based on the authority and reasoning that follows, Plaintiff's extensive Complaint remains deficient as to Defendant Cione and the multitude of claims he attempts to assert, and must accordingly be dismissed with prejudice.

### III. Issues Presented

**A. SHOULD PLAINTIFF'S CLAIMS AGAINST DEFENDANT CIONE BE DISMISSED BECAUSE THE COMPLAINT DOES NOT COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE 8(a)(2)?**

**Suggested Answer:    Yes.**

**B. SHOULD PLAINTIFF'S CLAIMS AGAINST DEFENDANT CIONE BE DISMISSED BECAUSE HIS COMPLAINT DOES NOT STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED?**

**Suggested Answer:    Yes.**

### IV. Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), a plaintiff's complaint may be dismissed for failing to state a claim upon which relief may be granted.  In evaluating a motion to dismiss under this rule, the Court must accept all factual allegations as true and construe the complaint in the light most favorable to the plaintiff.  *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).  In order to survive a motion to dismiss, however, a plaintiff may not rely on "labels and conclusions."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A Court "is not bound to accept as true a legal conclusion couched as a factual allegation" and "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss."  *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (citations

omitted); *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (citations omitted).

In analyzing a pro se complaint, the Court must perform a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 210 (3d Cir. 2009). The Court must first separate the factual elements from the legal elements and disregard the legal conclusions made by plaintiff. *Id*. Second, the Court must determine if the complaint sets forth facts sufficient to show a "plausible claim for relief." *Id*. at 211.

### V. Argument

#### A. Rule 8 Violation

Plaintiff's Complaint fails to comply with Federal Rule of Civil Procedure Rule 8(a)(2). Rule 8(a)(2) mandates that a complaint contain "a short and plain statement of the claim," and detailed factual allegations are not required. *Twombly*, *supra,* 550 U.S. at 555. Although the length of complaints tends to be a matter of discretion for the Trial Court, some Circuit Courts have held that the length of a pleading alone does not serve as a basis for dismissal pursuant to Rule 8. *See, Hearns v. San Bernardino Police Dept.,* 530 F.3d 1124, 1131 (9th Cir. 2008). A lengthy complaint, however, can be dismissed for violating Rule 8 if it is so rambling, unclear, or complicated so as to defy response. *See, e.g., In Re: Westinghouse Sec. Litig.,* 90 F.3d 696, 703 (3d Cir. 1996) (finding that the pleading at issue was "unnecessarily complicated and verbose"). As the United States Supreme Court has explained with regard to this requirement:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).

In the instant matter, Plaintiff's Complaint is vast in breadth, scope, and length. His allegations relate to policies, his work assignments, pay, retaliation, medical care, and

mental health care, among other things. The claims span several years at three institutions and are completely unrelated to one another.

Plaintiff's claims against Defendant Cione appear to be based on a delay in the provision of mental health care to him, which is entirely separate from the main factual basis of his claims: the alleged "deletion" of his work restrictions related to his back issue and the resulting job demotions and pay cuts he claims to have suffered. (Doc. 1, ¶¶80, 133-244). The bulk of Plaintiff's claims are solely built upon this factual basis, and do not in any way implicate the mental health care Defendant Cione allegedly failed to provide. Rather, as more fully developed below, Plaintiff's Complaint alleges only two facts with regard to Defendant Cione: she is a mental health staff member at SCI Phoenix, and he requested treatment from her on September 20, 2022. (Doc. 1, ¶¶35, 245). These "naked assertions devoid of further factual enhancement," with respect to Defendant Cione are exactly the type that the *Iqbal* Court properly determined were insufficient to withstand Rule 8 scrutiny. *Iqbal, supra,* 556 U.S. at 678. Plaintiff has used complicated lists in an attempt to explain which factual averments relate to which legal claims. The pleading is confusing and difficult, if not impossible, to understand. Accordingly, Plaintiff's Complaint should be dismissed for a Rule 8 violation.

### B. Failure to State a Claim: Personal Involvement

Additionally, Plaintiff provides no factual allegations against Defendant Cione to support the array of claims he has attempted to assert against her. As noted above, he identifies her as a Defendant via her role as a mental health professional at SCI Phoenix, and indicates that on September 20, 2022, he wrote her to request mental health treatment. (Doc. 1, ¶¶35, 245). Plaintiff appears to believe that simply naming Defendant Cione and indicating he requested treatment from her supports at least eight separate claims under a host of federal and state laws. (Doc.1, pp. 58-68). As indicated above, these claims are largely based on his alleged misclassification and the removal of certain medical restrictions on his medical file, resulting in a physical injury due to his improper work assignment. (Doc. 1).

Defendant Cione is not alleged to have been involved in or responsible for any of these acts. (Doc. 1). Rather, as set forth above, Plaintiff provides no allegations of fact whatsoever to support these claims, and baldly states with regard to Defendant Cione that she is a mental health provider at SCI Phoenix, from whom he requested treatment. (Doc. 1, ¶¶35, 245).

However, the law is clear that "a defendant in a civil rights action must have personal involvement in the alleged wrongs." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988), *citing Parratt v. Taylor*, 451 U.S. 527, 537 n.3 (1981); *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976). Apart from violating Rule 8 in his lengthy and rambling Complaint, Plaintiff cannot succeed with his numerous claims on the simple basis that Defendant Cione is a mental health professional at his institution from whom he requested treatment. (Doc. 1, ¶¶35, 245). Plaintiff does not allege she denied him such treatment, or that she had any involvement whatsoever in the alleged misclassification with regard to his medical concerns or any of his resultant injuries. (Doc. 1, ¶¶69-133). Plaintiff further fails to state how his alleged anxiety constitutes a serious mental health need, or any indication as to how Defendant Cione subjected him to a violation of his rights or otherwise violated the law. (Doc. 1, ¶¶69-133). Even if Plaintiff had done so, he has also failed to specifically address how Defendant Cione's alleged conduct caused him any harm. (Doc. 1). Finally, Plaintiff has not made a requisite showing of how the simple fact that Defendant Cione is a mental health provider from whom he requested care amounts to any of the various claims he has asserted in this action. (Doc. 1). This is plainly not a sufficient factual basis to support Plaintiff's numerous claims against Defendant Cione, and accordingly it is respectfully requested that Plaintiff's Complaint be dismissed.

## VI.    Conclusion

For the foregoing reasons, Defendant Cione respectfully requests that her Motion to Dismiss be granted, and that Plaintiff's Complaint be dismissed with prejudice. Simply, Plaintiff's claims against her cannot be cured by amendment as there is no basis for them.

Therefore, the Court is not required to provide him with further leave to amend as further amendment would be futile.  *Shelley v. Patrick*, 481 F. App'x 34, 36 (3d Cir. 2012).

        BAUM O'CONNOR CULLEN CHMIEL

        ***Electronically Filed***

    By:  /s/ Cassidy L. Neal
        Cassidy L. Neal, Esquire
        PA I.D. 311979
        Counsel for Courtney Cione, CRNP,
        Defendant

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am this day serving a true and correct copy of the foregoing **BRIEF IN SUPPORT OF MOTION TO DISMISS** upon the persons listed below by United States, First-class mail, postage prepaid, this 4th day of August, 2023.

>Troy Lewald, Inmate #NS-1262
>Smart Communications/PA DOC
>SCI Phoenix
>P.O. Box 33028
>St. Petersburg, FL  33733
>***Pro Se Plaintiff***

>BAUM O'CONNOR CULLEN CHMIEL
>***Electronically Filed***
>
>By: */s/ Cassidy L. Neal*
>Cassidy L. Neal, Esquire
>PA I.D. 311979
>Counsel for Courtney Cione, CRNP,
>Defendant
>
>912 Fort Duquesne Blvd
>Pittsburgh, PA 15222
>(412) 338-4750